**ORIGINAL**

FILED IN CLERK'S OFFICE
U S D C  Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOV 1 3 2006

JAMES N. HATTEN, Clerk
By: *S.K.Pinckney* Deputy Clerk

| | |
|---|---|
| SANDRA MUMPHERY )<br><br>        Plaintiff, )<br> )<br>v. )<br> )<br> )<br>FULTON COUNTY GOVERNMENT )<br>and MYRON E. FREEMAN, individually,)<br>and in his official capacity as )<br>Sheriff of Fulton County )<br> )<br>      Defendants. )<br> ) | Civil Action File No.<br><br>**1 06 CV 2762**<br><br><u>Jury Trial Demanded</u>  **TWT** |

## COMPLAINT

NOW COMES the Plaintiff, **SANDRA MUMPHERY** (hereinafter, the "Plaintiff"), through her undersigned attorney, Tameka A. West, and files this Complaint for damages against **FULTON COUNTY GOVERNMENT AND MYRON E. FREEMAN,** individually, and in his official capacity as Sheriff of Fulton County (hereinafter, the "Defendants") on the following grounds:

## JURISDICTION AND VENUE

### 1.

This action is brought by the Plaintiff for damages against the Defendants pursuant to Title I of the Americans with

1

Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12112 <u>et</u> <u>seq.</u>, Title V, Section 503 of the Act, 42 U.S.C. § 12203, and Defendants' violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 <u>et</u> <u>seq.</u> (hereinafter, "FMLA")

**2.**

Plaintiff invokes this honorable Court's federal question jurisdiction pursuant to 42 U.S.C. §12117(a) and 29 U.S.C. § 2616(a)(2), allowing this action to be brought in any judicial district in the state in which the unlawful employment practice was committed, and 28 U.S.C. §§ 1331 and 1343. Jurisdiction of this Court is invoked to secure redress for deprivation of rights protected by the ADA and the FMLA. Plaintiff seeks declaratory and injunctive relief, expenses of litigation, including reasonable attorney fees and costs.

**3.**

Venue is proper in this Court as the facts giving rise to Plaintiff's claims occurred within the area encompassed by the United States District Court for the Northern District of Georgia, and in particular, the Atlanta Division of said Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### 4.

Plaintiff is a citizen of the United States.  During all times relevant to this action, Plaintiff resided in Clayton County, State of Georgia.  Plaintiff submits herself to the jurisdiction of the United States District Court for the Northern District of Georgia for any and all purposes related to or arising from the action within.

### 5.

During all times relevant to this action, Plaintiff was employed with Fulton County Sheriff Office which is the law enforcement agency within Fulton County Government who is managed and governed by the Fulton County Board of Commissioners in Fulton County, Georgia.

### 6.

During all times relevant to this action, Myron E. Freeman, individually, and in his official capacity as Sheriff served as the highest law enforcement official in Fulton County, and was responsible for the internal operations of the Fulton County Sheriff Office.

### 7.

Defendant Fulton County Government is a local governmental entity pursuant to O.C.G.A. § 36-1-3.  Defendant Myron E. Freeman in his official capacity is a public official of Fulton County Government.  Thus, the Defendants are subject to the jurisdiction of this Court.

**8.**

During all times relevant to this action, the Defendants employed more than fifteen (15) employees and otherwise met the jurisdictional prerequisites for a claim under the ADA.

**9.**

At all times relevant to this action, the Defendants met the 50 employee coverage test under the FMLA and is an employer as defined by 29 U.S.C. § 2611(4)(A)(i) and is thus, covered by, and subject to, the provisions of the FMLA (29 U.S.C. § 2601 et seq.).

**10.**

The Defendants, including its supervising personnel, agents, officers, and employees, were responsible for all acts complained of herein.

## NATURE OF THE ACTION

### 11.

This action arises out of events during Plaintiff's terms and conditions of employment with Fulton County Sheriff Office.  This action seeks declaratory and injunctive relief, nominal, compensatory, punitive, and liquidated damages, backpay and front pay based upon the Defendants' willful discriminatory conduct, harassment, disparate treatment, retaliation, and other unlawful employment practices under Title I of the ADA and the FMLA.

## FACTUAL ALLEGATIONS

### 12.

Plaintiff has been employed full-time with the Defendants as a Deputy Sheriff since on or about June 5, 1991.

### 13.

During all times relevant to this action, Plaintiff worked at the Fulton County Sheriff Office as a Sheriff Deputy III Field Training Officer under the direct supervision of Captain William Beavers ("Captain Beavers").

5

**14.**

Captain William Beavers is an employee and/or agent of Defendants acting within the scope of his duties and exercised supervisory authority over Plaintiff.

**15.**

During all times relevant to this action, Assistant Chief Charles Felton ("Assistant Chief Felton"), Chief Roland E. Lane ("Chief Lane"), and Major Jerome Hull ("Major Hull") were in Plaintiff's supervisory chain of command and were the responding officials to Plaintiff's complaints of discrimination and harassment against Captain Beavers.

**16.**

Assistant Chief Felton, Chief Lane, and Major Hull allowed Plaintiff to work in a hostile work environment without taking immediate corrective action against Captain Beavers. Accordingly, the Defendants are responsible and liable for the discriminatory and retaliatory behavior of their officers and/or agents.

**17.**

As early as 2003, Plaintiff was diagnosed with major depression and panic disorder by her physician and sought

treatment from a psychiatrist who prescribed anti-depressants for her medical condition.

### 18.

Because of her medical condition, Plaintiff experienced difficulty with her day-to-day activities due to the demands of her job.

### 19.

After learning of her diagnosis, Plaintiff immediately notified the Defendants of her medical condition and requested to take intermittent leave under the FMLA.

### 20.

The Defendants permitted Plaintiff to periodically take intermittent FMLA leave from 2003 through 2006 due to her medical condition.

### 21.

During this time period, Plaintiff was able to successfully perform the essential functions of her job.

### 22.

Plaintiff worked Mondays through Fridays from 11 p.m. to 7 a.m. fully meeting the expectations of her job while taking intermittent FMLA leave during the relevant time period.

**23.**

On or about March 1, 2006, Captain Beavers met with Plaintiff to discuss her attendance, including her use of FMLA leave.  During this meeting, Captain Beavers also questioned Plaintiff about her secondary employment and threatened to change her scheduled off days from Saturday and Sunday to Sunday and Monday to prevent her from working her part-time job on the weekend.

**24.**

On or about March 15, 2006, Captain Beavers summons Plaintiff to a meeting with her co-workers and complained that employees were abusing medical leave.

**25.**

During the March 15th meeting, Captain Beavers made derogatory remarks about the FMLA and referred to the FMLA as "bull crap" that should be gotten rid of.

**26.**

During this meeting, Captain Beavers also commented that he thought the FMLA was a big joke and insisted that officers were using it to get a check for nothing.

**27.**

Captain Beavers further stated that officers who use FMLA leave were lazy and did not want to come to work.

**28.**

Plaintiff became very upset during the March 15th meeting due to Captain Beavers' negative comments about the FMLA since he had previously counseled her about her use of FMLA leave.

**29.**

On or about March 18, 2006, Plaintiff sought immediate treatment from her psychiatrist due to a hostile work environment.

**30.**

On or about March 27, 2006, Captain Beavers again summons Plaintiff to his office and mocked her about getting upset during the meeting held on March 15th meeting.

**31.**

Over the next month, Captain Beavers continued to harass Plaintiff for taking FMLA leave due to her medical condition. Plaintiff had to take several days of leave because of the hostile work environment.

**32.**

On or about May 5, 2006, Captain Beavers met with Plaintiff and informed her that he was changing her scheduled off days from Saturday and Sunday to Sunday and Monday, effective May 28, 2006, allegedly because of staffing problems caused by employees' abuse of leave.

**33.**

On or about May 8, 2006, Plaintiff again sought counseling from her psychiatrist because of the harassment by Captain Beavers.

**34.**

On or about May 22, 2006, Plaintiff filed a written complaint against Captain Beavers complaining about harassment due to her medical condition. As a remedy, Plaintiff requested to be removed from under Captain Beavers' direct supervision and reassigned to a different work location.

**35.**

Plaintiff submitted a witness statement to the Defendants substantiating the derogatory comments made by Captain Beavers regarding the FMLA.

**36.**

The Defendants not only refused to reassign Plaintiff but allowed Captain Beavers to continue to harass her.

**37.**

On or about May 28, 2006, Plaintiff was forced to modify her work schedule at her secondary (part-time) job because of the Defendants' retaliatory behavior.

**38.**

On or about May 31, 2006, Plaintiff saw a counselor for an anxiety disorder due to an increased level of stress caused by a hostile work environment.

**39.**

On or about June 7, 2006, Plaintiff provided a medical statement to Defendants substantiating her medical condition and again requesting that she be reassigned to a less stressful work environment.

**40.**

The Defendants again refused to reassign Plaintiff from under the direct supervision of Captain Beavers.

**41.**

Despite Plaintiff's medical condition, Captain Beavers continued to harass Plaintiff about the terms and conditions of her employment.

**42.**

On or about June 9, 2006, Plaintiff filed EEOC Charge No. 410-2006-02033 alleging the Defendants discriminated against her based on her disability and in retaliation for her opposing the Defendants' unlawful employment practices.

**43.**

On or about June 12, 2006, Plaintiff again complained to Defendants that Captain Beavers continued to retaliate against her for complaining about his hostile behavior towards her.

**44.**

Despite Plaintiff's complaints, the Defendants failed to take the appropriate corrective action against Captain Beavers.

**45.**

Thereafter, the Defendants continued to discriminate against Plaintiff and subjected Plaintiff to repeated acts of reprisal regarding the terms and condition of her employment,

including threatening to terminate her because of her medical condition.

**46.**

The Plaintiff was given a Notice of Right to Sue by the U.S. Department of Justice and filed this Complaint and Jury Demand within ninety (90) days of receipt of the Notice.   All conditions precedent to the institution of this lawsuit has been fulfilled.   A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "A," which is made a part hereof by reference.

## COUNT I — DISCRIMINATION IN VIOLATION OF THE ADA

**47.**

Plaintiff incorporates herein by reference paragraphs 1 through 46 of this Complaint.

**48.**

Since March 2006, Defendants have engaged in unlawful employment practices in violation of the ADA.

**49.**

During this time period, the Defendants have intentionally discriminated against the Plaintiff on the basis

of her disability and/or perceived disability with respect to a
hostile work environment, work assignments, and other terms and
conditions of employment.

**50.**

During all times relevant to this action, the
Defendants had knowledge that Plaintiff suffered from a
disability that substantially limited her in one or more
majority life activities within the meaning of the ADA.

**51.**

Despite Plaintiff's medical condition, the Defendants
allowed Plaintiff's direct supervisor to repeatedly harass her
about her medical condition.

**52.**

Plaintiff suffered numerous adverse employment actions
at the hands of the Defendants which included changing her
regularly scheduled days off.

**53.**

Plaintiff lost valuable leave time without pay as a
result of the hostile work environment, and Defendant's
retaliatory behavior towards her.

**54.**

Plaintiff requested to be reassigned to less stressful working environment and asked that her normal days off be reinstated, but the Defendants repeatedly denied her requests without sufficient justification.

**55.**

At all times relevant to this complaint, Plaintiff remained qualified for her job and could perform the essential functions of her job with a reasonable accommodation.

**56.**

The Defendants not only treated Plaintiff differently based on her disability and/or perceived disability, but threaten to terminate her because of her medical treatment.

**57.**

By its conduct, the Defendants have engaged in unlawful employment practices and discriminated against the Plaintiff based on her known disability and/or perceived disability, and exercise of her rights protected by the ADA in violation of 42 U.S.C. § 12112 et seq.

**58.**

The Defendants' willful conduct sought to intentionally harm and deprive Plaintiff of her rights afforded by the ADA.

**59.**

As a result of the Defendants' unlawful actions, Plaintiff has suffered extreme harm, including, but not limited to, lost wages and other employment benefits, humiliation, embarrassment, and mental distress.

**COUNT II – RETALIATION (ADA)**

**60.**

Plaintiff incorporates herein by reference paragraphs 1 through 59 of this Complaint.

**61.**

The Defendants subjected Plaintiff to continual acts of reprisal because she complained about unlawful harassment and discrimination by her supervisor.

**62.**

As early as May 2006, Plaintiff engaged in protected activity by complaining to the Defendants about her supervisor's hostile and discriminatory behavior toward her.

**63.**

Moreover, the Defendants were aware of Plaintiff's protected activity and subsequently took adverse employment actions against Plaintiff, including threatening to terminate Plaintiff, because she opposed the Defendants' unlawful employment practices.

**64.**

The Defendants failed to take any action to investigate the Plaintiff's complaints and/or take the appropriate corrective action against Plaintiff's direct supervisor.

**65.**

The Defendants' retaliatory acts also included harassing Plaintiff about the terms and conditions of her employment; thereby creating a hostile work environment.

**66.**

The Defendants' actions complained of herein establish a pattern of intimidate, coercion, and retaliation against the Plaintiff in violation of **42 U.S.C. § 12203 et seq.**

**67.**

Therefore, the Defendants' unlawful actions against Plaintiff proximately and legally caused Plaintiff to suffer harm and damages, including, but not limited to, tangible employment action(s).

**68.**

Accordingly, Plaintiff is entitled to an award for future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for the Defendants' intentional acts of reprisal.

## COUNT III – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

**69.**

Plaintiff incorporates herein by reference paragraphs 1 through 68 of this Complaint.

**70.**

Plaintiff shows that she was an eligible employee suffering from a serious health condition within the meaning of

the FMLA as defined in 29 U.S.C. § 2611 at the time that she
requested to take intermittent medical leave from the
Defendants.

**71.**

Furthermore, Plaintiff shows that the Defendants are a
covered employer under the FMLA because it employs 50 or more
employees.  Thus, pursuant to the FMLA, Plaintiff had an
absolute entitlement to 12 weeks of unpaid job protected leave,
including intermittent leave.

**72.**

Although the Defendants permitted Plaintiff to take
intermittent FMLA leave, the Defendants harassed Plaintiff about
taking the leave during the relevant time period of this
Complaint.

**73.**

The Defendants unlawfully allowed the Plaintiff's
supervisor to make derogatory comments about the FMLA in an
effort to chill Plaintiff's rights under the FMLA.

**74.**

Defendants intentionally changed Plaintiff's work
schedule in retaliation for her using FMLA leave.

**75.**

By its actions, Defendants intentionally interfered with Plaintiff's rights to take leave under the FMLA due to a serious medical condition.

**76.**

Accordingly, Plaintiff is entitled to recover damages from the Defendants under 29 U.S.C. § 2617(a)(1)(A) for its willful violation of the FMLA, including liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** as a result of the violations by the Defendants, Plaintiff respectfully invokes the remedial powers of this Court as provided by the ADA and the FMLA and demands the following relief:

A.   Judgment be entered against the Defendants;

B.   Trial by jury;

C.   General, compensatory, liquidated, and actual damages;

D.   All other damages allowed by law;

E.   Declare the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the ADA;

F.   Declare the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the FMLA.

G.   Permanently enjoined the Defendants from discriminating and retaliating against Plaintiff and all other employees who have complained of conduct that may have violated the ADA and the FMLA;

H.   Order the Defendants to compensate, reimburse, and make Plaintiff whole for all the benefits she would have received but for Defendants' illegal actions, including, but not limited to, pay, benefits, promotions, bonuses, seniority, and interest;

I.   Costs of litigation, including reasonable attorneys' fees, reasonable expert witness fees, costs and expenses of litigation; and

J.   Such other and further relief as the Court shall deem just and proper.

This _13ᵗʰ_ day of November, 2006.

Respectfully submitted,

_Tameka S. West_
Tameka A. West
Attorney for Plaintiff
Sandra Mumphery
Georgia Bar No. 748995

THE LAW OFFICE OF TAMEKA A. WEST, P.C.
124 N. McDonough Street, Suite 202
Jonesboro, GA 30236
Phone (678) 216-0305
Facsimile (678) 216-0306
E-mail: tamekawest@bellsouth.net

21

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing Complaint has been prepared in Courier New 12 point, one of the four fonts and points approved by the Court in LR 5.1B.

This 13th day of November, 2006.

THE LAW OFFICE OF TAMEKA A. WEST, P.C.

By: _____
    Tameka A. West
    Attorney for Plaintiff
    Sandra Mumphery
    Georgia Bar No. 748995
    124 N. McDonough Street
    Suite 202
    Jonesboro, GA 30236
    Phone (678) 216-0305
    Facsimile (678) 216-0306
    E-mail:
    tamekawest@bellsouth.net